Laura A. Malone, et al., *v.* Richard W. Roy's Adm'r.

**Contracts of Feme Covert.**
> The note of a feme covert is void but she cannot claim the property and withhold payment. She must surrender the property received as the consideration to the creditor or vendor.

APPEAL FROM MARION CIRCUIT COURT.

September 13, 1877.

Opinion by Judge Pryor:

The judgment rendered in this case makes the feme covert liable for the amount of the note executed as a part consideration for the land. We know of no instance and have been cited to no case where it has been said, coverture being pleaded, that the married woman is responsible for the debt, or that the property can be made liable so as to coerce payment. The note of the feme covert is ab-

solutely void. She cannot, it is true, claim the property and withhold payment, but must surrender to the creditor or vendor the property received as the consideration. In this case a reconveyance of the property was tendered, but the court declined to rescind the contract for the reason, doubtless, that the contract had been fully executed, the title having passed out of the grantor or decedent by the execution of his deed.

This, however, does not make the feme covert responsible on the note or the contract alleged to have been made. The lien, being enforced, passed the title to the purchaser, and the proceeds of the sale must be regarded as belonging to the estate of the decedent. The chancellor should lose sight of the conveyance, as it contains no binding obligation on the wife, and the proceeds of sale constituting a part of the estate should be added to the general fund and distribution made according to the rights of the parties. The feme covert, appellant, is not to be charged with either the amount of the note, or the advancement of $800 mentioned in the deed in the settlement between the heirs. She had the possession of the land and must account for a reasonable rent to be charged as an advancement to her, and should have an allowance for any valuable and lasting improvements made upon it by herself or husband, the allowance for improvements in no event to exceed the value of the rent.

In the case of *Mills v. Chelf,* referred to by counsel for the appellee, it was adjudged, in effect, that the sale of the land was made to the husband, or if not the husband's signature to the writing made him responsible. In the present case the husband never signed any writing evidencing an intention to bind himself in any way; but the decedent, who was the father of the feme covert (appellant), undertook in distributing his estate to make the daughter liable by contract for a sum of money that has swallowed up her entire patrimony. That the property was worth fully as much as the consideration paid, or agreed to be paid for it, can make no difference; her note is a nullity.

The case of *Robinson v. Robinson's Trustee,* 11 Bush 174, discusses the question and settles the principle involved.

In regard to the claim for services, etc., by the appellants, the proof shows that they were fully compensated, and so in regard to the claim of David Roy. Both of the claims were properly disallowed. The judgment is *affirmed* as to David Roy and *reversed* as to the appellants, Malone and wife, in so far only as she is made

liable on or charged with the note executed for the land and the $800 as an advancement; in all other regards it is *affirmed.* The case can go to the commissioner to take proof of rents and improvements, if agreed to by either party.

     *Russell & Arrit, for appellants.    R. H. Rountree, for appellee*